**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-745C

(Filed: July 13, 2017)

NOT FOR PUBLICATION

FILED
JUL 1 3 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| TAVEREN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal for Want of |
| v. ) | Jurisdiction; RCFC 12(h)(3); |
| ) | Transfer Not Warranted; |
| THE UNITED STATES, ) | 28 U.S.C. § 1631 (2012) |
| ) | |
| Defendant. ) | |

ORDER

Before the court is the complaint of pro se plaintiff Taveren Robinson and his application to proceed in forma pauperis, both filed on June 5, 2017.[1] See Pl.'s Compl. 4, ECF No. 1. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.  Background

On June 5, 2017, the clerk's office received a complaint from Taveren Robinson. Plaintiff's complaint states it is a "Civil Complaint for Breach of Contract against Robert Gilmore operating as a Federal Officer and employee within the Corp[o]rate State of Pennsylvania." Pl.'s Compl. 1. The record shows that plaintiff is currently incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania that the Mr. Gilmore is listed as the superintendent at SCI-Greene. See

---

[1]  Plaintiff's complaint names the State of Pennsylvania as a third-party defendant in this matter. However, the court deems Mr. Robinson's suit to be brought against the United States, as the United States is the only proper defendant in this court. United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted).

7017 1450 0000 1346 3103

App'x A to Pl.'s Compl. 2, ECF No. 1-1. Plaintiff states his complaint "aris[es] out of private injuries and violations of Invo[l]untary Servitude and Unlawful Restraint in violation of the Thirteenth Amendment of the United States Constitution's prohibition against Involuntary Servitude, Bad Faith/Breach of Contract by breach of contractual agreement." Pl.'s Compl. 2. In sum, plaintiff's suit implicates the actions of corrections officials, e.g., Robert Gilmore, of the State of Pennsylvania. Id. In support of his breach of contract claim, plaintiff's complaint contains four exhibits, titled: (1) Exhibit A: Conditional Acceptance Request Proof of Facts; (2) Exhibit B: Notice of Fault and Opportunity to Cure and Contest Acceptance; (3) Exhibit C: Affidavit of Certificate of Non-Response and Failure to Contest Acceptance and Agreement; and (4) Exhibit D: Affidavit of Default and Formal Acceptance Contract. See App'x A to Pl.'s Compl. Monetary relief is sought in the amount of approximately $324,500. Pl.'s Compl. 10.

II. Legal Standards

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The practice of the Court of Federal Claims has been for a judge to review a pro se complaint to ascertain if, beyond peradventure, it cannot support jurisdiction. Thus, the government is not taxed, in a case that unquestionably does not belong in the Court of Federal Claims, with a wasteful expenditure of its limited resources to establish that jurisdiction is lacking. In any case alleging a basis for jurisdiction "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" Kroll v. Finnerty, 242 F.3d 1359, 1362 (Fed. Cir. 2001) (quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974)), the court would be remiss in allowing the action to proceed.

In order to determine its jurisdiction over plaintiff's suit, this court must presume all factual allegations in the complaint to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damage claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

2

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." Id. The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. Id. "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Id.

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government . . . .'" United States v. Testan, 424 U.S. 392, 400 (1976) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing Mosca v. United States, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action and jurisdiction is found to be lacking, this court must dismiss the claim, RCFC 12(h)(3), unless the interest of justice is served by transferring the case, 28 U.S.C. § 1631 (2012).

III. Analysis

A. Statutes Alleged to Provide Jurisdiction in This Court

Plaintiff's complaint states that jurisdiction over his claims is provided by 28 U.S.C. §§ 3001, 3002 (2012). Pl.'s Compl. 1, ECF No. 1. Both of these statutes concern federal debt collection procedures, not the jurisdiction of this specialized court. Additionally, plaintiff asserts jurisdiction under 5 U.S.C. §§ 2104-2105 (2012), which provide definitions of federal officers and employees. Id. None of these statutes is a money-mandating provision which could support plaintiff's request for money damages in this court.

B. Plaintiff's Thirteenth Amendment Claim

Plaintiff's complaint includes a claim under the Thirteenth Amendment of the United States Constitution. Pl.'s Compl. 5, ECF No. 1. This court, however, does not have subject matter jurisdiction over claims raised under that constitutional provision. See Nwogu v. United States, 94 Fed. Cl. 637, 650 (2010) (holding that the Thirteenth Amendment does not require the payment of money for its violation and thus provides no basis for this court's jurisdiction), rev'd in part on other grounds, 497 F. App'x 952 (Fed. Cir. 2012); Johnson v. United States, 79 Fed. Cl. 769, 774 (2007) ("This court . . . cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation.").

C. Claims Against Parties Other Than the United States

It is well established that the Court of Federal Claims does not have jurisdiction over civil wrongs, or torts, committed by agents of the United States. Brams v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Eastport S.S. Corp., 178 Ct. Cl. at 614. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Indeed, allegations of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction." Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (citing 28 U.S.C. § 1346(b)). For that reason, Mr. Robinson's claim against a superintendent of a state correctional facility, Mr. Robert Gilmore, is outside of this court's subject matter jurisdiction.

D. Breach of Contract Claim

Plaintiff's complaint attaches four exhibits as supporting evidence that the United States has entered into a binding contract with him: (1) Conditional Acceptance Request Proof of Facts; (2) Notice of Fault and Opportunity to Cure and Contest Acceptance; (3) Affidavit of Certificate of Non-Response and Failure to Contest Acceptance and Agreement; and, (4) Affidavit of Default and Formal Acceptance Contract. The exhibits are not signed by any officer or employee of the United States. Three of the exhibits are signed only by Mr. Robinson. A fourth exhibit is signed by a "third party," Neal C. Parnell, Jr. The documents appear to be an attempt by Mr. Robinson to create a contract and a debt owed by Mr. Gilmore, the prison superintendent, to Mr. Robinson.

Plaintiff's complaint refers to these exhibits as proof that a contract exists between Mr. Robinson and the United States. In pertinent part, his complaint states as follows.

> [As to] all matters herefore agree[d] upon by Robert Gilmore pursuant to the full agreement of particulars contained in the Conditional Acceptance and related exhibits attached hereto[,] . . . Robert Gilmore[] has by his silence and acquiescence agreed to the Facts.
>
> . . .
>
> By Mr. Gilmore's silence and acquiescence for the particular claims in the Conditional Acceptance and upon his dishonor and admission to the injuries, he [Robert Gilmore] herein binds the United States and the State of Pennsylvania for financial compensation to compe[n]sate the Plaintiff for injuries.

Pl.'s Compl. 3-4, ECF No. 1.

The allegations of a contract in the complaint are frivolous. As this court has explained,

> A party does not place a matter within our [court's] jurisdiction by simply calling something a contract which does not meet the legal definition of one. The Federal Circuit has established "that insubstantial allegations as to the existence of a money-mandating contract will warrant dismissal for lack of subject matter jurisdiction."

Harris v. United States, No. 13-69C, 2013 WL 4017276, at *2 (Fed. Cl. July 31, 2013) (citation omitted). In order to establish that a valid contract exists with the United States, whether express or implied-in-fact, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; (4) actual authority to bind the [federal] government in contract on the part of the government officer whose conduct is relied upon. Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (citing Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003)). Not one of these contract formation elements is present here.

Plaintiff argues that Mr. Gilmore's failure to acknowledge and respond to the documents sent to him constitutes acceptance by silence. Even if this theory of acceptance were valid, there is no non-frivolous allegation in the complaint that Mr. Gilmore, a state official, has the authority to bind the United States in contract. Even assuming all of the facts in the complaint to be true, plaintiff's complaint does not plead the existence of a contract with the United States.

E. Transfer to Another Court Is Not in the Interest of Justice

As discussed supra, this court has no jurisdiction over plaintiff's claims. When this court finds that it does not have jurisdiction over a case before it, the court may deem it appropriate to transfer the case to another federal court. The transfer of cases from this court to another federal court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part that

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. "Transfer is appropriate when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631). The first condition of the transfer statute has been met, because this court lacks jurisdiction over plaintiff's claims.

1. Procedural History

In determining if transfer is appropriate, we must review the previous litigation cited by plaintiff in his complaint which plaintiff specifically acknowledges that "in some aspects are similar issues" currently before the court. Pl.'s Compl. 2, ECF No. 1. More specifically, he cites to "Case No. A.D. 3 of 2014, A.D. 718, 2016 and 2:16-cv-01764." Id. Because plaintiff's complaint before this court does not include any further information on these cited cases the court has turned to the Public Access to Court Electronic Records (PACER) which revealed that plaintiff has been a plaintiff in six cases, five in the United States District Court of the Western District of Pennsylvania (Pittsburgh) and the sixth case being the one before this court now. Robinson v. Folino, et al. (Robinson I), Dkt. No. 1:2007-cv-00095 (W.D. Pa. 2007) (habeas corpus claim); Robinson v. Smith (Robinson II), Dkt. No. 1:2013-cv-00198 (W.D. Pa. 2013) (prisoner civil rights (prisoner condition) claim); Robinson v. Vilushis, et al. (Robinson III), Dk. No. 1:2013-cv-00199 (W.D. Pa. 2013) (prisoner civil rights (prisoner condition) claim); Robinson v. Commonwealth of Pennsylvania (Robinson IV); Dk. No. 1:2013-cv-00268 (W.D. Pa. 2013) (habeas corpus claim); Robinson v. Wetzel (Robinson V), Dk. No. 1:2016-cv-01764 (W.D. Pa. 2016) (prisoner civil rights (prisoner condition) claim).

A cursory review of the dockets in the five district court cases did not make any reference to Case No. A.D. 3 of 2014 cited in plaintiff's complaint before this court. However, the docket in Robinson V revealed that on November 23, 2016, the Court of Common Pleas of Greene County, Case No. A.D. 718, 2016 was removed from that state court and placed in the United States District Court for the Western District of Pennsylvania. Robinson V, Dk. No. 1:2016-cv-01764, ECF No. 1 (Notice of Removal). We shall now consider if the claims before the district court in that case are similar to claim's currently before this court.

Plaintiff's complaint in Robinson V consists of three counts: (1) a breach of constitutional amendment claim (2) an intentional tort claim for unlawful restraint; and (3) an intentional tort claim for false imprisonment alleging that plaintiff has been illegally held in prison in violation of the Thirteenth Amendment to the United States Constitution because the Department of Corrections is not in possession of certain sentencing documents and/or such documents were never generated. Id. at ECF Nos. 1, 2. Currently before the District Court is defendant's motion to dismiss for failure to state a claim, and plaintiff's motion to remand counts two and three of his complaint back to state court. Id. at ECF Nos. 2, 7. Additionally, in Robinson V, defendant filed a notice to

the court on May 2, 2017. Id. at ECF No. 16. Therein, defendant notified the court, stating the following:

> This is one of four cases filed simultaneously by inmates at SCI-Greene alleging they are being unconstitutionally held in prison. The four cases are identical in all respects other than the inmate-Plaintiff and the particular sentence he received.

Id. It is apparent that the operative facts in the district court case are the same as the facts in this matter, with the addition of plaintiff's exhibits.

### 2. Transfer of this Case

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (2012) (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade").

The court does not believe, however, that it is in the interest of justice to transfer Mr. Robinson's claims. Plaintiff requests relief from this court for being unlawfully held at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. Mr. Robinson is already seeking this same relief from the United States District Court for the Western District of Pennsylvania in this regard. See Robinson V, W.D. Pa. Dk. No. 1:2016-cv-01764. It is not in the interest of justice to transfer his claims to a court which already has pending before it a similar suit. Any of the claims Mr. Robinson presents to this court can be presented to the district court in the suit he has brought there. For this reason, transfer is not warranted.

Based on the foregoing, the court finds that transfer of plaintiff's remaining claims would not be appropriate.

IV. Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims, and it is not in the interest of justice to transfer plaintiff's complaint. Plaintiff's application to proceed in forma pauperis is **GRANTED**. The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction, without prejudice. See RCFC 12(h)(3). The Clerk of Court will enter judgment for defendant. Additionally, the clerk's office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge